UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL HALCZENKO Dr.,<br>JENNIFER JIMENEZ,<br>ERIN NICOLE GILLESPIE,<br>VALERIE FRALIC,<br>KRISTIN EVANS on behalf of Themselves<br>and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENSION  HEALTH, INC.,<br>ST. VINCENT HOSPITAL AND HEALTH<br>CARE CENTER, INC.<br>    d/b/a ASCENSION ST. VINCENT<br>HOSPITAL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:21-cv-02816-JPH-DML |

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

Ascension St. Vincent Hospital[1] is requiring its employees to be

vaccinated against COVID-19.  Employees who do not get vaccinated or receive

an exemption from Ascension are to be put on unpaid leave and then later

terminated.  Plaintiffs—who work in Ascension's network—requested

exemptions from the vaccine mandate based on their religious beliefs.

Plaintiffs do not claim that Ascension's vaccine mandate is unlawful.

Instead, they contend that Ascension violated federal anti-discrimination laws

when it summarily denied their requests for religious exemptions from the

vaccine mandate.  Plaintiffs ask the Court to enter a temporary restraining

---

[1] The Court uses "Ascension" only as in identifier of Defendants, not as a statement on the
legal employer-employee relationships among any parties.

order and preliminary injunction prohibiting Ascension from putting Plaintiffs on unpaid leave and/or terminating their employment pending the EEOC's review of their claims of religious discrimination and retaliation.  On the limited record before the Court, Plaintiffs have not shown irreparable harm, so they are not entitled to the extraordinary relief of an immediate temporary restraining order.  Plaintiffs have made allegations, however, that if proven could show irreparable harm and support preliminary injunctive relief.  Therefore, further preliminary injunction proceedings will proceed expeditiously as described at the end of this order.  For the reasons discussed below, Plaintiffs' motion is thus **GRANTED in part** and **DENIED in part**.

## I.
## Facts & Background

The facts set forth below are based on the Court's review of the parties' filings.  Dkts. 1, 3, 4, 9, 9-1 through 9-91, 17.

Plaintiffs are healthcare workers at Ascension Health's St. Vincent Hospital.  Dkt. 4 at 15.  In response to Ascension's mandatory COVID-19 vaccination policy, dkts. 9-10; 9-11, each Plaintiff sought religious exemption from the requirement by following the procedure outlined by Ascension.  Dkts. 9-1 at ¶ 41-61(Plaintiff Halczenko); 9-2 at ¶ 31-50 (Plaintiff Jimenez); 9-4 at ¶ 28-46 (Plaintiff Gillespie); 9-6 at ¶ 33-40 (Plaintiff Evans); 9-8 at ¶ 27-41 (Plaintiff Fralic).  Each Plaintiff's request was denied, and all were told to "comply with the vaccination requirement by November 12, 2021."  *See id.*

Plaintiffs have been told that employees who do not meet Ascension's vaccine requirement by November 12, 2021, "will be suspended" and that

"failure to meet this requirement" by January 4, 2022 "will be considered voluntary resignation." Dkt. 9-7 at 4.

On November 8, 2021, Plaintiffs filed a class-action complaint, dkt. 1, and motion for temporary restraining order and to set a hearing on their motion for preliminary injunction, dkt. 3. They seek relief from Ascension's COVID-19 vaccine requirement, arguing that Defendants have not accommodated their religious beliefs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Dkt. 3.

Plaintiffs' complaint asserts that they "filed their charge of discrimination with the [EEOC] asking [it] to investigate their claims on a class wide basis." Dkt. 1 at ¶ 35; *see also* dkts. 9-1 at 14 ¶ 85; 9-2 at 15 ¶ 78; 9-4 at 13 ¶ 72; 9-6 at 10 ¶ 57; 9-8 at 11 ¶ 65.

## II.
## Procedural Issues

### 1. Exhaustion of Administrative Remedies

Plaintiffs have filed a Title VII claim with the EEOC challenging Ascension's handling of their requests for exemptions from the vaccine mandate based on their religious beliefs. Dkt. 4 at 10. Ascension argues that because these claims are pending but not resolved, this suit must be dismissed for failure to exhaust administrative remedies. Dkt. 7 at 11. But Title VII's "charge-filing requirement"—which governs the processing of claims through the EEOC—is "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend County, Texas, v. Davis*, 139 S. Ct. 1843, 1851 (2019). Therefore, the Court is not barred from evaluating the request for

injunctive relief.  *See Beckerich v. St. Elizabeth Med. Ctr.*, --- F.Supp.3d ---, No. 2:21-cv-105, 2021 WL 4398027 at *3 (E.D.K.Y. Sep. 24, 2021) (reconsideration denied).

### 2. Class Allegations

Plaintiffs contend that Defendants "fail[ed] to consider reasonable accommodations" and improperly assessed undue hardship under Title VII. Dkt. 1 at 3; dkt. 4 at 54 n.27.  Plaintiffs seek a temporary restraining order enjoining Defendants from "terminat[ing], suspend[ing], or reduc[ing] the compensation, benefits, vacation time, or leave time of Plaintiffs *and all employees who have requested a religious exemption from Defendants*." Dkt. 3 at 8 (emphasis added).

While the complaint alleges that the class will satisfy Federal Rule of Civil Procedure 23's requirements, dkt. 1 at 57–61, they have not moved for class certification. *Cf.  Palmer v. Combined Insurance Company of America.*  217 F.R.D. 430 (N.D. Ill. 2003).

Fed. R. Civ. P. 23(a) establishes four prerequisites for a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

While Plaintiffs have outlined how they believe they may satisfy each of these elements, certain of them are contingent upon further discovery from

Ascension. *See e.g.* Dkt. 1 at ¶ 220. Given that Plaintiffs have not moved for class certification and the swift timeline of proceedings anticipated below, the Court considers the motion for the temporary restraining order only as to the named Plaintiffs, and not as to their proposed class. *See Jane Does 1–14 v. Northshore Univ. Health Sys.*, No. 21-cv-5683, 2021 WL 5119751 at *2 (N.D. Ill. Nov. 1, 2021) ("No ruling was made on the class allegations, and this [temporary restraining order] applies only to the 14 Plaintiffs.").

### III.
### Claim for Injunctive Relief

#### 1. Injunctive Relief Standard

Injunctive relief is "an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (citations and quotations omitted).

Determining whether a temporary restraining order is appropriate under Federal Rule of Civil Procedure 65 involves a two-step inquiry, with a threshold phase and a balancing phase.[2] *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017). At the threshold phase, the moving party must show that: (1) without the requested relief, it will suffer irreparable harm during the pendency of its action; (2) traditional legal remedies would be inadequate; and (3) it has "a reasonable likelihood of success on the merits." *Id.* "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be

---

[2] The same standard applies to a temporary restraining order and a preliminary injunction. Fed. R. Civ. P. 65.

denied." *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992) (treating elements 1 and 2 as one element).

If, however, the movant satisfies these requirements, the Court proceeds to the balancing phase, applying a "sliding scale" approach "to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests." *Whitaker, 858 F.3d at 1044; Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

### 2. Irreparable Harm

"[H]arm is considered irreparable if it 'cannot be prevented or fully rectified by the final judgment after trial.'" *Whitaker*, 858 F.3d at 1045. District courts may not issue a preliminary injunction without a showing of irreparable harm and no adequate remedy at law unless a specific exception applies. *See Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386. (7th Cir. 1984). The harm must also be concrete; "speculative injuries do not justify" the "extraordinary remedy" of injunctive relief. *E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir. 2005).

Here, Plaintiffs allege that they will suffer irreparable harm when Ascension puts them on unpaid leave effective November 12, 2021. Dkt. 4 at 40; dkts. 9-1 at ¶ 13-18; 9-2 at ¶ 8-16; 9-4 at ¶ 8-9; 9-6 at ¶ 8-13; 9-8 at ¶ 8-12. First, each Plaintiff identifies specific harm that they and their families will likely experience if the Court does not intercede: the inability to pay for necessary medication, dkt. 9-6 at ¶ 10, or school tuition, dkt. 9-1 at ¶ 14, 9-2 at ¶ 10; the loss of insurance coverage, dkt. 9-1 at ¶ 15, 9-2 at ¶ 9; the effect of

6

termination on medical licensure and non-compete agreements, dkt. 9-1 at ¶ 17, 9-2 at ¶ 12-16; and the possible loss of a home, dkt. 9-6 at ¶ 9.  Next, Plaintiffs contend that they will suffer "serious physical and psychological consequences."  Dkt. 4 at 40.  Last, Plaintiffs allege that they will suffer irreparable harm because the coercive nature of Ascension's policy creates an "impossible" choice, that is, violate one's firmly held religious beliefs by getting vaccinated or lose one's job.  *Id.*

Ordinarily, loss of employment and related economic hardship do not constitute irreparable harm.  *Sampson v. Murray*, 415 U.S. 61 (1974); *Bedrossian v. Nw. Mem'l Hosp.*, 409 F.3d 840, 845 (7th Cir. 2005) (recognizing the "high standard for obtaining preliminary injunctions restraining termination of employment."); *E. St. Louis,* 414 F.3d at 704; *Dos Santos v. Columbus-Cuneo-Cabrini Medical Center*, 684 F.2d 1346, 1349 (7th Cir. 1982). While the Court acknowledges the financial difficulty that Plaintiffs likely will experience, harm that typically results from termination of employment is ordinarily insufficient to constitute irreparable harm.  *Sampson*, 415 U.S. at 92 n.68 ("external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself—will not support a finding of irreparable injury, however severely they may affect the particular individual.").

The fact that Plaintiffs' claims arise in the context of likely loss of employment, however, does not foreclose Plaintiffs from potentially being able to show irreparable harm.  As the Supreme Court has acknowledged, "cases

may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable harm might be found." *Sampson*, 415 U.S. at 92 n.68. While such "extraordinary cases" are not defined, *Sampson* does not "foreclos[e] relief in the genuinely extraordinary situation." *Id.*

Although the only "immediate" harm that Plaintiffs have established with the requisite degree of certainty at this time is financial harm resulting from unpaid leave, dkt. 1 at 2 ¶ 2, Plaintiffs' complaint alleges other types of harm. *See generally id.* at 2-10. The record is not sufficiently developed at this time for the Court to make findings or conclusions as to whether, if proven, those harms combined with forthcoming termination of employment on January 4, 2022, constitute irreparable harm that entitles Plaintiffs to preliminary injunctive relief. *Sampson*, 415 U.S. at 92 n.68. The Court defers ruling on Plaintiffs' motion for a preliminary injunction so that the record may be more fully developed with expedited discovery and a hearing. *See Beckerich*, No. 2:21-cv-105, 2021 WL 4398027 (denying injunctive relief in a similar case only after the record was developed and a hearing could be held).

For now, however, Plaintiffs have not shown irreparable harm so "the court's inquiry is over and the [temporary restraining order] must be denied." *Abbott*, 971 F.2d at 12.

**V.**
**Conclusion**

8

Plaintiffs' motion for temporary restraining order and to set hearing on plaintiffs' motion for preliminary injunction, dkt. [3], is **denied** to the extent that the Court will not issue a temporary restraining order at this time and **granted** to the extent that the Court **SCHEDULES** this case for a preliminary injunction hearing on **Friday, December 10, 2021, at 9:30 a.m.** in Room 349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana. The Magistrate Judge is asked to hold a status conference to set an expedited case management plan and discovery schedule. The Court will hold a status conference at the close of the discovery period and issue an order on a briefing schedule and the order of proceedings for the preliminary injunction hearing.

**SO ORDERED.**

Date: 11/12/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William Bock, III
KROGER GARDIS & REGAS
wbock@kgrlaw.com

Adam R. Doerr
KROGER GARDIS & REGAS LLP
adoerr@kgrlaw.com

Brian L. McDermott
JACKSON LEWIS PC (Indianapolis)
brian.mcdermott@jacksonlewis.com

9

Patricia Anderson Pryor
JACKSON LEWIS, LLP
pryorp@jacksonlewis.com

Megan Ann Van Pelt
JACKSON LEWIS PC (Indianapolis)
megan.vanpelt@jacksonlewis.com