UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL HALCZENKO Dr., <br> JENNIFER JIMENEZ, <br> ERIN NICOLE GILLESPIE, <br> VALERIE FRALIC, <br> KRISTIN EVANS on behalf of Themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ASCENSION HEALTH, INC., <br> ST. VINCENT HOSPITAL AND HEALTH CARE CENTER, INC. <br>   d/b/a ASCENSION ST. VINCENT HOSPITAL, <br><br> Defendants. | No. 1:21-cv-02816-JPH-MG |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Class Action Complaint. [Filing No. 101.] For the reasons set forth below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part.**

**I.**
**BACKGROUND**

Plaintiffs in this putative class action are current or former employees of healthcare facilities operated by Defendants. They allege that Defendants violated their rights under Title VII by denying their requests for religious exemptions to a COVID-19 vaccine requirement. Plaintiffs have previously amended their complaint, adding individual plaintiffs as notice of right-to-sue letters are received from the EEOC, and corresponding defendant entities employing these new plaintiffs. [*See* Filing No. 37; Filing No. 71; Filing No. 101-2.]

1

Now pending before the Court is Plaintiffs' Motion for Leave to File Third Amended Class Action Complaint (the "Motion"). [Filing No. 101.] Plaintiffs seek leave to revise their allegations and make clear the relief being sought, to add three new Plaintiffs and three new defendants, as well as remove aspects of the Second Amended Complaint that are no longer accurate. [Filing No. 101 at 2-3.] Defendants oppose the Motion, [Filing No. 105], and Plaintiffs have replied to those arguments, [Filing No. 114].

## II.
### LEGAL STANDARD

Courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2),[1] but leave to amend is not granted automatically. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008).

## III.
### DISCUSSION

Plaintiffs propose to amend their complaint to: (1) add three new individual plaintiffs (Richard Brokinsky, Kristen Olejnik, and Modiene Kane) alleging violations of Title VII and the Americans with Disabilities Act (the "ADA"); and (2) add three new defendants—Ascension Health Alliance, Inc., (a Missouri Nonprofit Corporation), St. Vincent Anderson Regional Hospital (an Indiana Corporation), and Ascension Technologies (a Missouri Corporation)—*i.e.*, the

---

[1] Plaintiffs moved to amend prior to the deadline for doing so set by the Court in the operative Case Management Plan. [Filing No. 81.]

employers of some of the new proposed plaintiffs.[2] Of note, the ADA claims proposed on behalf of Ms. Bokinsky, Ms. Olejniik, and Mr. Kane are the first time claims under the ADA have been raised in this lawsuit.

Defendants oppose these amendments. First, Defendants argue they will suffer undue prejudice because of Plaintiffs' delay in adding new parties and claims. [Filing No. 105 at 3.] Second, Defendants say the proposed ADA amendments are futile for various reasons: (1) the proposed ADA claims are untimely and unexhausted; (2) the ADA claims fail as a matter of law; and (c) the ADA claims are incapable of class treatment. [Filing No. 105 at 5-6.] Defendants also argue Plaintiffs' new Title VII claims have not been administratively exhausted because Plaintiffs have not alleged that they timely filed charges against any of the new proposed Defendants. [Filing No. 105 at 11.] The Court will address the parties' arguments below:

**A. Futility**

Defendants oppose the motion to amend on the grounds that the proposed amendments are futile. Futility is generally assessed by analyzing whether the amendment would survive dismissal under Rule 12(b)(6). *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) *reh'g denied*, No. 13-3350, 2014 WL 4979692 (7th Cir. Oct. 7, 2014); *Crestview Vill. Apts. v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *McCoy,* 760 F.3d at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The party

---

[2] Plaintiffs also note their voluntarily deletion of the intentional interference with contractual relations count contained in prior complaints. [Filing No. 114 at 3.]

3

resisting the amendment bears the burden to show an amended complaint's futility. *See, e.g., Foreman v. King*, 12 CV 50419, 203 WL 4482612, at *1 (N.D. Ill. Aug 20, 2013).

    1. **Failure as a Matter of Law**

Defendants contend the proposed ADA claims fail as a matter of law, arguing "Plaintiffs' vaccination status of being regarded as having or being susceptible to COVID-19 is not a disability under the ADA." [Filing No. 105 at 7.] Defendants argue that Plaintiffs' ADA claims stem from their allegations the Defendants regarded them as being disabled due to their COVID-19 vaccination status. [Filing No. 105 at 7.] Defendants argue that this "regarded as disabled" theory fails as a matter of law because Courts have held that unvaccinated status is not a "disability" triggering ADA protection. [Filing No. 105 at 7.] In support of this contention, Defendants cite numerous cases addressing vaccination status. [Filing No. 105 at 7.]

In response, Plaintiffs allege that Defendants' arguments against their "regarded as disabled" claims are not a basis to deny amendment, but ultimately, they have asserted viable claims under the ADA Amendment Act of 2008 (the "ADAAA"). [Filing No. 114 at 11.] Plaintiffs contend that after the amendments to the ADA, a Plaintiff need only establish a *prima facie* claim at the pleading stage, by needing only to demonstrate the employer's perception of impairment. [Filing No. 114 at 11-12.]

The ADA prohibits an employer from discriminating against a qualified employee on the basis of disability. 42 U.S.C. § 12112(a). A plaintiff claiming disability discrimination under the ADA must allege that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [her] employer; (3) [she] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [she]

4

suffered an adverse employment action; and (5) the adverse action was imposed because of [her] disability." *Id.*

Under the ADA, a "disability" is: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A plaintiff is "regarded as" having a disability if she "establishes that [she] . . . has been subjected to an action prohibited [by the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

Plaintiffs' chief problem with their proposed ADA claims is that their vaccination statuses are not themselves disabilities or impairments. Plaintiffs cite to no authority supporting this position, nor is the Court aware of any. The decision to get a vaccination, or not, required by an employer is not itself an "impairment", rather this is a personal choice. A disability, however, is not something a person chooses. This Court is persuaded by the findings of other districts on this issue. *See Speaks v. Health Sys. Mgmt. Inc.*, 2022 WL 3448649 (W.D.N.C. August 17, 2022) (holding there was no plausible basis to conclude that by enforcing its COVID-19 vaccination policy, the employer regarded the plaintiff as having a "physical or mental impairment"); *see also Johnson v. Mount Sinai Hosp. Grp., Inc.*, 2023 WL 2163744, *3-6 (E.D.N.Y. February 22, 2023) ("The decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses."). Thus, Plaintiffs' unvaccinated status cannot support a claim that Defendants regarded them as disabled under the ADA.

To the extent that Plaintiffs argue the Defendants regarded them as being disabled because it regarded them as *having* COVID-19, this claim also fails. Under the ADA, individuals are not "disabled" when they have conditions that are "transitory and minor," or conditions with an actual

or expected duration of six months or less. 42 U.S.C. § 12102(3)(B). *See also Lundstrom v. Contra Costa Health Services*, 2022 WL 17330842 at *5 (N.D. Cal. Nov. 29, 2022) ("Federal courts generally agree that a COVID-19 infection is not a disability.") (collecting cases); *Thompson v. City of Tualatin*, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) ("[B]eing perceived as having COVID-19 is not a cognizable disability under the ADA."). Any argument that Defendants perceived them as potentially infectious are similarly foreclosed, as the ADA's definition of disability does not cover employer perception of a person to be presently healthy with a potential to be disabled in the future. *See Shell v. Burlington Northern Santa Fe Railway Company*, 941 F.3d 331, 335 (7th Cir. 2019).

    **2. Failure to Exhaust Administrative Remedies**

Defendants contend that even if Plaintiffs' ADA claims were legally cognizable, their claims are futile because they are untimely. Defendants state that Plaintiffs " appear to have filed amendments adding the 'regarded as disabled' ADA discrimination claims in late January 2023 and then immediately requested right to sue letters preventing any investigation or conciliation at the EEOC." [Filing No. 105 at 6.]

Title VII and the ADA require that a complaining employee must file their charges administratively before bringing a federal suit, "which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief." 42 U.S.C. § 2000e-5; *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). To advance their ADA claims, Plaintiffs do not dispute they filed amended charges of discrimination in January 2023—beyond the 300-day limit—but argue these amendments adding "regarded as" claims relate back to their timely filed Title VII charges alleging religious discrimination. [Filing No. 114.] Plaintiffs argue the EEOC issued right-to-sue letters, dismissing Plaintiffs' charges, and stating they had 90

days to initiate a lawsuit, thus they had exhausted their administrative requirements by the filing date of the instant Motion to Amend. [Filing No. 114.] Further, Plaintiffs contend that they properly named each of the three new Defendants in the EEOC charges through amendment while those charges were still pending before the EEOC. [Filing No. 114 at 15.]

"A plaintiff must file a charge with the EEOC within 180 days of the complained of employment action in states that have no equal employment opportunity agency, but in deferral states like Indiana, '[i]f a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days.'" *Kennedy v. Reid Hosp. & Health Care Servs., Inc.*, 279 F. Supp. 3d 819, 832 (S.D. Ind. 2017) (quoting *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988)). *See also* 42 U.S.C. § 2000e–5(e). These same standards apply to ADA claims. *See* 42 U.S.C. § 12117(a).

"EEOC regulations state that an amendment can relate back to the date of an earlier charge if it 'cures technical defects or omissions' or 'alleg[es] additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge.'" *Schroeder v. Bd. of Educ. for Cmty. Consol. Sch. Dist. # 21*, 2022 WL 3999778, at *6 (N.D. Ill. Sept. 1, 2022) (quoting 29 C.F.R. § 1601.12(b)) (finding that plaintiff's ADA charge did not relate back to the original Title VII charge). In contrast, "an untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge." *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998) (holding that ADA charge did not relate back to ADEA charge). *See also Brown v. Chicago Transit Auth. Pension Bd.*, 86 F. App'x 196, 198 (7th Cir. 2004) ("[Plaintiff's] retaliation claim under Title VII cannot 'relate back' to earlier sex discrimination and harassment charges that she filed because it alleges an entirely new theory of

recovery.").

Here, the new ADA claims do not cure any defects or grow out of the ADA Plaintiffs' original claims of religious discrimination. Rather, the ADA claims present a "an entirely new theory recovery." *See Fairchild*, 147 F.3d at 575. Thus, the proposed ADA claims do not relate back to Plaintiffs' timely Title VII charges such that they are untimely and permitting Plaintiffs an amendment to add these claims is futile. Because the Court has found leave to assert these ADA claims would be futile as outlined above, it need not discuss the Defendants' arguments that these ADA claims are incapable of class treatment.

* * *

In sum, the Court **DENIES** Plaintiffs' leave to assert ADA claims on behalf of three new Plaintiffs or on behalf of a class.

### B.  Undue Prejudice and Delay of the Title VII Claims

Defendants contend that regardless of their futility arguments, the Court should deny Plaintiffs leave to amend because permitting such amendment would "unnecessarily delay the case and prejudice defendants". [Filing No. 105 at 3.] They argue that this amendment comes 15 months after this case was filed. [Filing No. 105 at 3.] Defendants' focus of their opposition is the Plaintiffs' ADA claims, and do not squarely address how adding the new Title VII claims would cause undue prejudice. [Filing No. 105 at 3-5.]

In response, Plaintiffs argue that the Defendants' argument is insufficient because the proposed amendment was timely under the agreed upon Case Management Plan, which detailed a deadline to amend pleadings and join parties. [Filing No. 114 at 3.] Further, Plaintiffs contend Defendants have not been prejudiced by any filing of amended complaints due to the agree-upon

8

deferral of Defendants' pleading response deadline until March 9, 2023, fourteen days after the amendment/joinder deadline. [Filing No. 114 at 3, 8-9.]

The Court agrees that Defendants have not articulated how the additional Title VII religious claims on behalf of three additional plaintiffs will cause undue prejudice under Fed R. Civ. P. 15(a)(2). Discovery for these claims will likely overlap significantly with the discovery already completed or underway. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) ("An amended pleading is less likely to cause prejudice if it … asserts claims related to allegations asserted in prior pleadings."). The Court perceives no dilatory motive or undue delay. Any delay on the part of the new Plaintiffs was due to waiting to complete the EEOC administrative process. Judicial economy and efficiency would not be served in this instance by denying leave and having these new Plaintiffs file a separate lawsuit raising the same claims already being litigated in this case. However, the Court notes that it is unlikely to permit the addition of new plaintiffs in the future, as noted through its amendment/joinder deadline outlined to the parties.

Therefore, Plaintiffs will be granted leave to amend and file a Third Amended Complaint to include the additional Title VII claims.

## IV.
### CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint, [101], is **GRANTED in part** and **DENIED in part** as follows:

- Plaintiffs' Motion is **GRANTED** to the extent that they may amend their Complaint to add Title VII claims on behalf of Richard Brokinsky, Kristen Olejnik, and Modiene Kane.

- Plaintiffs' Motion is **DENIED** as to their proposed ADA claims.

Plaintiffs shall file their amended complaint and any accompanying exhibits in accordance with the above rulings within seven (7) days of this Order.

Date: 5/19/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution to all ECF registered counsel.**